[Cite as *State v. Tate*, 2015-Ohio-5170.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO             :

                              :

     Plaintiff- Appellee       :    C.A. CASE NO. 2014-CA-126

                              :

v.                        :    T.C. NO. 14CR540

                              :

JAMES TATE, III         :    (Criminal appeal from

                              :    Common Pleas Court)

     Defendant - Appellant   :

. . . . . . . . . . . .

**O P I N I O N**

Rendered on the \_\_\_11th\_\_\_ day of \_\_\_December\_\_\_\_\_, 2015.

. . . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for the Plaintiff-Appellee

P.J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
        Attorney for the Defendant-Appellant

JAMES M. TATE, III*,* Inmate # 709794, London Correctional Institute, P.O. Box 69, London, Ohio, 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** James M. Tate, III was originally charged by indictment with one count of felonious assault on a peace officer with a firearm specification, a felony of the first

degree, in violation of R.C. § 2903.11(A)(2), one count of discharge of a firearm on or near prohibited premises, a felony of the third degree, in violation of R.C. § 2923.162(A)(3), and one count of having weapons under disability, a felony of the third degree, in violation of R.C. § 2923.13(A)(3).

{¶ 2} On September 15, 2015, Tate entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of felonious assault on a peace officer, a felony of the first degree, in violation of R.C. § 2903.11(A)(2). In exchange for the guilty plea, the State agreed to dismiss the firearm specification of count one and counts two and three of the indictment. Prior to accepting Tate's plea of guilty pursuant to *Alford*, the trial court engaged Tate in a thorough dialogue regarding the significance of an *Alford* plea and a thorough  Crim. R. 11 colloquy, and the trial court found Tate's pleas were entered in a knowing and voluntary fashion. The plea transcript reflects the prosecutor's recitation of the facts supporting the indictment and the trial court's finding of guilty. The trial court ordered a pre-sentence investigation and scheduled the sentencing disposition for October 2, 2014.

{¶ 3} On October 2, 2014, Tate appeared for sentencing. The trial court sentenced Tate to a term of seven years imprisonment to be served consecutive to a term of four years mandatory imprisonment for one count of possession of cocaine, Clark Cty. C.P. Case No. 14-CR-0408[1].   In determining the sentence to be imposed, the trial court considered the pre-sentence investigation report and statements by counsel and Appellant.   The trial court set out the seriousness and recidivism factors under R.C. §

---

[1]Tate has not filed a direct appeal of this case.

2929.12 that applied to the case, and further found consecutive sentences were appropriate under R.C. § 2929.14(C)(4). Specifically, the trial court found the factors in both R.C. § 2929.14(C)(4)(b) and R.C. § 2929.14(C)(4)(c) supported consecutive sentences. The Court's findings are reflected in Tate's Judgment entry of conviction. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Finally, the trial court sentenced Tate to a period of five years of post release control after completion of the sentence of the trial court as required under R.C. § 2929.14(D)(1).

{¶ 4} Tate filed a pro se notice of appeal on October 31, 2014. Additionally, counsel was appointed to prosecute the appeal. On May 11, 2015, appointed counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he represented to us that after review of the record he could find no arguably meritorious issues to present on appeal. By magistrate's order on July 22, 2015, we informed Tate that his counsel had filed an *Anders* brief and the significance of an *Anders* brief. We invited Tate to file a pro se brief assigning any error for our review within sixty days of July 22, 2015. Tate has not filed anything with this Court.

{¶ 5} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record, and having done so, we agree with the assessment of appointed counsel that there are no arguably meritorious issues to present on appeal.

{¶ 6} Accordingly, the judgment appealed from is affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A Saunders
P.J. Conboy II
James M. Tate, III
Hon. Richard J. O'Neill